### JESSE H. RODMAN v. JOHN A. MILLER.

**Contracts—Liability of Surety.**

Where M. surrendered a mule to C. upon the promise of R., in consideration of the surrender, to pay M.'s note to G., upon R.'s failure to pay the note, and payment of same by M., R. is liable to M. for the amount paid by M.

APPEAL FROM LARUE CIRCUIT COURT.

December 23, 1872.

OPINION BY JUDGE PRYOR:

The weight of testimony heard upon the trial conduces to show that Rodman agreed to pay off the note, if the appellee would surrender the mule to Churchill. The mule was delivered up by the appellee, and Smith at the same time held his note for the ninety dollars. If the fraud existed as is claimed by Churchill and Rodman it was their duty and not Miller's to institute proceedings for the purpose of vacating the contract, or recovery for the alleged fraud. So far as the proof shows Miller was an innocent purchaser. The instructions are to some extent conflicting, but this trouble arises from the instructions given at appellant's instance. They were prejudicial to the appellee and did not contain the law of the case. The jury were told that Miller, the appellee, could not recover unless he had been compelled by law to pay the note to Smith or his assignee. In another instruction they were told that it was appellee's duty, if he believed the note he had executed to Smith was without consideration to notify Rodman to defend the suit. The testimony is that Rodman agreed with Miller to pay the note off, and it was his duty to have done so, or to have taken steps to save Miller harmless in the premises. Miller was in no condition to defend the suit upon the note for the want of consideration in its execution. He gave the note to Smith and received as consideration therefor this mule, and afterwards surrendered it to Rodman upon the latter's promise to pay it, or in the language of the witness, "to take it up." This surrender was made without Smith's knowledge or consent. Miller was not compelled to subject himself to the

expense of a litigation in regard to the fraud, if any, practiced by Smith upon Churchill. The appellant knew that the note on appellee had been assigned to Uptigrove, and said to the latter, that he, Rodman, was bound for it. This witness proves that Miller paid him $115 on the note.

The substance of the instructions given for appellee is that if appellee surrendered the mule to Churchill at the instance of Rodman and that Rodman in consideration of the surrender agreed to pay the note to Smith, and that he failed to do so and the same was paid off by the appellee, that Rodman is liable to him for the amount paid. This instruction embraces the law of the case, as it is immaterial whether Miller paid the note with or without credit upon it.

The judgment of the court below is *affirmed*.